UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

        Plaintiff,                Case No. 2:24-cv-11274

v.                                         Honorable Susan K. DeClercq
                                            United States District Judge
STURM et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING *IN FORMA PAUPERIS*
APPLICATION, DISMISSING COMPLAINT WITHOUT PREJUDICE,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Plaintiff Mark White, incarcerated at Thumb Correctional Facility in Lapeer, Michigan, brings this *pro se* civil-rights lawsuit under 42 U.S.C. § 1983 against various officials of the Michigan Department of Corrections. White alleges constitutional violations arising from misconduct proceedings and retaliation for his filing of grievances. He seeks both monetary and injunctive relief and requests to proceed *in forma pauperis*. Upon review of White's complaint and his litigation history, this Court concludes that this case must be dismissed without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g).

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act of 1995 (PLRA) mandates that prisoners who bring a civil lawsuit *in forma pauperis* must "pay the full amount of a filing

fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litig. Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). Yet district courts may permit prisoners to proceed *in forma pauperis* if they submit an affidavit detailing their assets and saying they cannot pay the fees. *See* 28 U.S.C. § 1915(a)(1).

However, under the three-strikes rule, an *in forma pauperis* complaint must be dismissed if the filer has had at least three prior *in forma pauperis* complaints dismissed as frivolous, as malicious, or for not stating a claim for which relief could be granted. *See id.* § 1915(g). The only exception is if the complaint plausibly alleges an "imminent danger of serious physical injury." *Id.* Courts may *sua sponte* apply the three-strikes rule, *Witzke v. Hiller*, 966 F. Supp. 538, 539 (E.D. Mich. 1997), and take judicial notice of a plaintiff's prior dismissals, *Ferguson v. United States*, 592 F. Supp. 3d 614, 615 n.1 (E.D. Mich. 2022) (citations omitted).

## II. ANALYSIS

At least eight of White's prior *in forma pauperis* complaints were dismissed under the PLRA's three-strikes rule. *See, e.g.*, ECF No. 5, *White v. Saginaw Cnty.*, No. 2:24-CV-10627 (E.D. Mich. Mar. 26, 2024); ECF No. 7, *White v. Washington*, No. 2:24-CV-10550 (E.D. Mich. Mar. 12, 2024); ECF No. 10, *White v. Morrison*, No. 1:21-CV-00601 (W.D. Mich. Feb. 2, 2022); ECF No. 4, *White v. McKee*, No. 1:16-CV-00601 (W.D. Mich. June 13, 2016); ECF No. 4, *White v. U.S. Dist. Ct. of Mich.*, No. 5:13-CV-14428 (E.D. Mich. Oct. 25, 2013); ECF No. 4, *White v. Heyns*,

No. 5:13-CV-12104 (E.D. Mich. May 24, 2013); ECF No. 29, *White v. Corr. Med. Servs.*, No. 1:10-CV-1082 (W.D. Mich. May 11, 2011); ECF No. 6, *White v. Saginaw Cnty. Jail*, No. 2:09-CV-13470 (E.D. Mich. Sept. 14, 2009).

And he has at least six other *in forma pauperis* complaints dismissed as frivolous, as malicious, or for not stating a claim. *See, e.g.*, ECF No. 8, *White v. Caruso*, No. 1:08-CV-10057 (E.D. Mich. Mar. 17, 2008); ECF No. 7, *White v. Caruso*, No. 1:08-CV-00080 (W.D. Mich. Feb. 14, 2008); ECF No. 29, *White v. Mich. Dep't of Corr.*, No. 1:98-CV-10341 (E.D. Mich. Sept. 8, 1999); ECF No. 33, *White v. Krupa*, No. 2:97-CV-73661 (E.D. Mich. Feb. 26, 1999); ECF No. 30, *White v. Nichols*, No. 2:94-CV-75266 (E.D. Mich. July 29, 1996); ECF No. 4, *White v. 6th Cir. Ct.*, No. 2:95-CV-71764 (E.D. Mich. June 23, 1995).

Therefore, this case must be dismissed unless White plausibly alleges he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

White's complaint does not satisfy the imminent-danger exception. Despite his numerous allegations of misconduct and procedural violations, he fails to demonstrate an imminent threat of serious physical injury. White's claims largely concern retaliatory misconduct proceedings and verbal threats, which are vague and do not establish a concrete, immediate threat of serious physical harm. For example, White alleges threats from "gang members" for complaining about a Corrections Officer, but these claims lack specific details showing a present, serious physical

danger. *See* ECF No. 1 at PageID.6. Conclusory allegations of potential danger are insufficient. *See Jones v. City of Detroit*, No. 4:17-CV-13975, 2018 WL 654840, at *1 (E.D. Mich. Feb. 1, 2018) ("Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule.").

Moreover, White's mention of elevated HbA1c[1] levels due to loss of exercise privileges is not an imminent danger of serious physical injury. ECF No. 1 at PageID.2. The imminent-danger exception requires an immediate and serious threat, such as an imminent threat of physical assault or a severe medical condition requiring urgent attention. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008))). A gradual increase in A1c levels does not satisfy this stringent standard. *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019) (holding that symptoms that "can cause

---

[1] Also known as glycated hemoglobin, HbA1c levels are reported as percentages that indicate a person's average blood sugar levels over the previous two to three months. *Grabski v. Comm'r of Soc. Sec.*, No. 1:19-CV-02481, 2020 WL 9849782, at *1 n.1 (N.D. Ohio Oct. 2, 2020) (citation omitted). A higher A1c percentage corresponds to higher average blood sugar levels. *See* Margaret B. Hoppin, Note, *Overly Intimate Surveillance: Why Emergent Public Health Surveillance Programs Deserve Strict Scrutiny Under the Fourteenth Amendment*, 87 N.Y.U. L. REV. 1950, 1958–61 (2012). A1c levels are used to diagnose diabetes and prediabetes, and to monitor conditions like diabetes and prediabetes. *United States v. Andrade*, No. 2:16-CR-20751-1, 2020 WL 5505344, at *3 (E.D. Mich. Sept. 11, 2020).

discomfort and pain" but "are typically temporary and rarely life threatening. . . . simply are not the kinds of injuries that can lead to impending death or other severe bodily harms").

In addition, the procedural violations that White describes, such as the use of inappropriate language by Lieutenant Sturm during misconduct hearings or the alleged failure of Assistant Deputy Wardens Carter and Richardson to supervise staff properly, do not place White in imminent danger of serious physical injury. Those allegations, even if true, indicate systemic issues within the facility—not a direct and immediate threat to White's physical safety.

Because White is not facing an imminent danger of serious physical injury, his complaint does not qualify for the exception to the three-strikes rule. Therefore, White's complaint will be dismissed without prejudice, and he will be denied leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(g) (prohibiting a prisoner with three strikes from "bring[ing] a civil action or *appeal[ing] a judgment in a civil action*" absent an allegation of imminent danger (emphasis added)).

### III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *in forma pauperis*, ECF No. 2, is **DENIED**.

- 6 -

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile his complaint but only if he fully prepays the necessary fees and costs.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3), (g).

**This order closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 6/12/2024