UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

    Plaintiff,

v.

STURM et al.,

    Defendants.
_____/

Case No. 2:24-cv-11274

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Plaintiff Mark White filed a motion for relief from judgment under Civil Rule 60(b)(1), seeking to overturn this Court's June 12, 2024, order denying his *in forma pauperis* application and dismissing his complaint without prejudice. White asserts that this Court made several substantive mistakes of law and fact.

After careful review, this Court finds that White's motion lacks merit. Therefore, his motion will be denied.

## I. BACKGROUND

Mark White, presently confined at the Thumb Correctional Facility in Lapeer, Michigan, embarked on this pro se civil rights lawsuit under 42 U.S.C. § 1983, alleging constitutional violations against certain officials of the Michigan Department of Corrections (MDOC). ECF No. 1 at PageID.1. White's complaint

paints a picture of a man beleaguered by retaliatory misconduct proceedings, verbal threats, and a parade of procedural missteps—primarily by Lieutenant Sturm, Assistant Deputy Warden Carter, and Assistant Deputy Warden Richardson. *Id.* at PageID.2.

In his complaint, White recounts episodes in which Lieutenant Sturm allegedly used inappropriate language during misconduct hearings and cites numerous times that Defendants either ignored or mishandled his grievances. *Id.* at PageID.2–3. In addition, White claims he faced physical threats from gang members within the facility, supposedly incited by Defendants as retribution for his litigious endeavors. *Id.* at PageID.4–5. White argues these actions, combined with the denial of his exercise privileges, have worsened his preexisting health conditions, notably his elevated blood-sugar levels. *Id.* at PageID.2. White seeks both monetary and injunctive relief and has requested to proceed in forma pauperis. *Id.* at PageID.8, 11.

However, White's history of frivolous litigation—exceeding the three-strikes threshold set by the Prison Litigation Reform Act (PLRA)—led to the denial of his application, and his complaint was dismissed without prejudice. *See* ECF No. 5. The crux of the dismissal was White's failure to demonstrate an "imminent danger of serious physical injury," a requirement to circumvent the three-strikes rule under 28 U.S.C. § 1915(g). *Id.* Despite White's allegations, this Court found them speculative,

lacking specific imminent threats, and insufficient to invoke the imminent danger exception. *Id.* at PageID.24–26.

White now seeks relief from the dismissal judgment under Rule 60(b)(1), arguing that this Court erred in applying legal standards and interpreting the facts of his case. ECF No. 7. He also filed a motion to supplement his pleadings. ECF No. 8.

## II. STANDARD OF REVIEW

Civil Rule 60(b)(1) provides a mechanism for relief from a final judgment, order, or proceeding for reasons of "mistake, inadvertence, surprise, or excusable neglect." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Relief under Rule 60(b)(1) is justified "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Id.* (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). The movant must demonstraate "by clear and convincing evidence" that such relief is warranted. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## III. ANALYSIS

White's motion for relief from judgment raises three primary arguments: (1) the Court did not apply the correct review standard for determining imminent danger; (2) the Court failed to properly consider his past litigation history; and (3) the Court's interpretation of the facts was incorrect.

### A. Imminent-Danger Standard

White asserts that this Court misapplied the imminent-danger standard. ECF No. 7 at PageID.29. Not so.

Prisoners with three strikes must demonstrate that they are under "imminent danger of serious physical injury" at the time of filing. *See* 28 U.S.C. § 1915(g); *Vandiver v. Prison Health Servs.*, 727 F.3d 580, 585 (6th Cir. 2013) ("[T]he threat or prison condition must be real and proximate." (citation omitted)).

This Court's decision honored established precedent in determining that White's allegations of verbal threats and procedural misconduct were not concrete, immediate threats. ECF No. 5 at PageID.24–26. *See Jones v. City of Detroit*, No. 4:17-CV-13975, 2018 WL 654840, at *1 (E.D. Mich. Feb. 1, 2018). White's concern regarding his blood-sugar levels also fell short, being deemed "typically temporary and rarely life-threatening." *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). White's first argument essentially seeks a different outcome, but "mistakes and outcomes are mutually exclusive" when considering relief from judgment. *Cf. Good v. BioLife Plasma Servs.*, 647 F.Supp.3d 555, 559 (E.D. Mich. Dec. 20, 2022) ("[I]t would be 'unrealistic' to expect courts to know the entire universe of law at all times." (citing Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 12 & n.61 (2022))).

White's desire for a different outcome does not justify relief from judgment, rendering his first argument meritless.

### B. Consideration of Litigation History

White next argues that this Court did not properly weigh his past litigation history. ECF No. 7 at PageID.29.

The PLRA's three-strikes rule mandates dismissal unless imminent danger is clearly demonstrated. *See* 28 U.S.C. § 1915(g).

White's extensive history of 14 frivolous and nonmeritorious filings underscored his pattern of abusive litigation practices. *See* ECF No. 5 at PageID.23–24 (collecting cases). This Court correctly took judicial notice of these prior dismissals, applied the three-strikes rule, and concluded that White's current allegations did not satisfy the imminent-danger exception. *See Ferguson v. United States*, 592 F. Supp. 3d 614, 615 n.1 (E.D. Mich. 2022) (explaining that courts may take judicial notice of a plaintiff's prior dismissals); ECF No. 5 at PageID.22–26.

This review was consistent with legal standards, and White's evidence does not indicate any error in it. Therefore, White's second argument also fails.

### C. Interpretation of Facts

White lastly says that this Court erred in interpreting the facts, specifically regarding the threats from gang members and his elevated blood-sugar levels. ECF No. 7 at PageID.31.

But this too is merely a gripe about the outcome—not a mistake. This Court found that the allegations of threats lacked specific details showing an immediate and serious physical danger. ECF No. 5 at PageID.24. Similarly, White's claim about his elevated blood-sugar levels due to reduced exercise privileges did not meet the standard for demonstrating imminent danger under 28 U.S.C. § 1915(g). *See Vandiver*, 727 F.3d at 585 (explaining that imminent danger requires a real and proximate threat). And procedural irregularities, even if true, do not amount to a direct and serious threat to physical safety. *See Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019); ECF No. 5 at PageID.25.

Yet White provides a new affidavit from a colleague stating that a corrections officer suggested someone "should 'get rid of [White].'" ECF No. 7 at PageID.37. But such vague, "irrational[,] or wholly incredible" statements do not satisfy the imminent-danger exception. *Rittner v. Kinder*, 290 F. App'x 796, 798 n.3 (6th Cir. 2008) (holding that third-party statement that saying that corrections officer told the plaintiff that he "NEED[ed] TO STOP MAKING COMPLAINTS, [or he was] GOING TO GET HURT" did not satisfy imminent-danger exception). Simply put, that speculative harm is neither real nor proximate.

White's motion for relief from the judgment does not demonstrate excusable neglect, inadvertence, or a substantive error, so it will be denied.

## D. Leave to Appeal Without Prepaying

White will be denied leave to appeal without prepaying to do so because an appeal of this order would be frivolous for lack of any substantive questions of law meriting further judicial review. 28 U.S.C. § 1915(a)(3).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Relief from Judgment, ECF No. 7 is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Motion to Supplement Pleadings, ECF No. 8, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3).

                                                    */s/Susan K. DeClercq*
                                                    SUSAN K. DeCLERCQ
                                                    United States District Judge

Dated: 8/9/2024